**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| Susan Shortridge, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    **Case No.: 1:23-cv-2246** |
| | ) |
| Aldous & Associates, PLLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

**Parties**

10. The Plaintiff, Susan Shortridge, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Aldous & Associates, PLLC (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 4625 South 2300 East, Suite 207, Holladay, UT 84117.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requested that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On March 8, 2023, Plaintiff sent a letter to Defendant via the U.S. Postal System. In this letter, Plaintiff informed defendant of her legal representation and gave her counsel's contact information to Defendant. *See Exhibit "2".*

27. On March 10, 2023, Plaintiff sent a letter to Defendant via the U.S. Postal System. In this letter, Plaintiff informed defendant of her legal representation and gave her counsel's contact information to Defendant. *See Exhibit "2".*

28. Both letters that Plaintiff sent were mailed to Defendant at the address of P.O. Box 171374, Holladay, UT 84117.

29. Upon information and belief, Defendant received the aforementioned letters. The law presumes timely delivery of a properly addressed piece of mail. Bobbit v Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); *see also* Hayes v. Potter, 310 F.3d 979, 982 (7th Cir. 2002) ("We will generally presume timey delivery of properly addressed mail").

30. After receipt of the aforementioned letters, the Defendant had more than enough time to update its systems regarding when to contact the Plaintiff. *See, e.g.*, Herbert v. Monterey Financial Services, Inc., 863 F.Supp. 76 (D.Conn. 1994)(District Court ruling that five days was sufficient time for debt collection agency to update its system that the consumer had legal representation).

31. On May 16, 2023, Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 23-02066-JMC. *See Notice of Bankruptcy attached hereto as Exhibit "3".*

32. The Plaintiff's bankruptcy petition contained a list of schedules of debts.

33. A Debt to the Defendant was listed on the Plaintiff's Schedule F. Therefore, the Defendant itself was listed as a creditor on the Plaintiff's bankruptcy petition.

34. The Bankruptcy Noticing Center sends electronic notices to entities listed on Plaintiff's bankruptcy petition who have signed up for that service. Defendant is one such entity.

35. On May 17, 2023, the Bankruptcy Noticing Center sent electronic Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to Defendant. *See Exhibit "3".*

36. The notice sent electronically to the Defendant on May 17, 2023, also notifies the Defendant that Plaintiff has retained John Steinkamp & Associates to represent her. Indeed, the notice also includes said attorney's contact information. *See Exhibit "3" attached hereto.*

37. Upon information and belief, Defendant received the aforementioned Notice of Chapter 7 Bankruptcy Case.

38. On August 15, 2023, the Plaintiff received a discharge of her debts. *See Exhibit "4" attached hereto*.

39. On or about August 15, 2023, the Bankruptcy Noticing Center sent the Defendant a copy of the Discharge Order. *See Exhibit "4" attached hereto*.

40. The notices sent to the Defendant by the Bankruptcy Noticing Center explicitly stated, **"This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise… Creditors who violate this order can be required to pay the debtors damages and attorney's fees."** (emphasis added) *See Exhibit "4" attached hereto*.

41. Upon information and belief, Defendant received the aforementioned Discharge Order.

42. On or around December 7, 2023, the Defendant, after knowing not only that the Plaintiff had retained legal counsel for this debt, but that she had filed for bankruptcy protection, called Plaintiff on her cell phone directly in an attempt to collect the debt that was included in Plaintiff's bankruptcy case.

43. The Defendant had received four (4) separate notifications that Plaintiff had legal counsel for this debt, two (2) from the Plaintiff herself and two (2) from the U.S. Bankruptcy Court and Defendant still contacted Plaintiff directly in an attempt to collect the debt at issue in this matter.

44. The Defendant was therefore attempting to collect a debt that it was legally enjoined from collecting directly from Plaintiff.

45. The Defendant misrepresented the legal status of the debt to the Plaintiff when it attempted to collect the alleged debt at issue in this matter. *See* Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991 (7th Cir. 2003)(Even an unintentional false representation of the legal status of a debt violates §1692e(2)(A)).

46. False and/or misleading attempts to collect a debt, such as attempting to collect a debt that was included in a bankruptcy case, materially violate the FDCPA. *See* Ross v. AJM Acquisition Funding, LLC, 480 F.3d 493 (7th Cir. 2007).

47. As a result of Defendant's illegal conduct, Plaintiff was shocked and alarmed by Defendant call to her. Defendant's actions constituted an invasion of her privacy and an intrusion upon her seclusion because she thought that the alleged debt was discharged in her bankruptcy case.

48. As a result of Defendant's illegal conduct, Plaintiff had to take time out of her day to research this alleged debt to ensure that it was included in her bankruptcy case and to draft and send the attached letter. *See Exhibit "5"*.

49. As a result of Defendant's illegal conduct, Plaintiff to spend her money on postage in order to send a letter to Defendant instructing the Defendant to stop contacting her.  *See Exhibit "5".*

50. Because Plaintiff had to take time out of her to address this matter, Plaintiff has standing to bring this action.  *See* <u>Leung v. XPO Logistics, Inc</u>., 154 F.Supp.3d 1032, 1037 (7th Cir. 2015)("When a Defendant's allegedly wrongful conduct costs the plaintiff time, the plaintiff has suffered an injury in fact").  *See also* <u>Lako v. Portfolio Recovery Associates</u>, 2021 WL 3403632 (W.D. 2021).

51. Because Plaintiff had to expend her financial resources to send the aforementioned letter to Defendant, Plaintiff has standing to bring this action.  *See* <u>Brandt v. Will. Of Winneka, Ills</u>., 612 F.3d 647, 649 (7th Cir. 2010)("[b]ut standing may be conferred 'when a plaintiff suffers an actual or impending injury, no matter how small; when that injury is caused by defendant's acts").  *See also* <u>Mack v. Resurgent Services, L.P</u>., 70 F.4th 395 (7th Cir. 2023).

52. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 52 of the complaint are realleged and incorporated herein by reference.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. §1692c.

3  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Second Claim for Relief:
### Violation of Regulation F

1. The allegations of Paragraphs 1 through 52 of the complaint are realleged and incorporated herein by reference.

2. The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.6(b)(2).

3. The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.6(d)(1).

4. The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.18(b)(2).

5. As a result of the above violations of the Regulation F, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Counsel for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com